UNTIED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERTO CASANOVA,

           Plaintiff,

v.

MICHIGAN DEPARTMENT OF
CORRECTIONS, ET AL.,

           Defendants.
_____/

CASE NO. 10-13950

HON. MARIANNE O. BATTANI

**OPINION AND ORDER OVERRULING PLAINTIFF'S OBJECTIONS,
ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION,
GRANTING DEFENDANT MICHIGAN DEPARTMENT OF CORRECTIONS' MOTION
TO DISMISS, AND DIMISSING ALL CLAIMS AGAINST DEFENDANT DR. HOLMES**

Before the Court are Plaintiff Robert Casanova's objections (Doc. 23) to the Magistrate Judge's June 8, 2011 Report and Recommendation ("R&R") (Doc. 21). In the R&R, the Magistrate Judge recommended that the Court grant Defendant Michigan Department of Corrections' ("MDOC") Rule 12(b) Motion for Dismissal (Doc. 14) and dismiss all claims against MDOC. The R&R further recommends that the Court sua sponte dismiss all claims against Defendant Dr. Scott Holmes under Fed. R. Civ. P. 12(b)(1). For the reasons that follow, the Court **OVERRULES** Plaintiff's objections, **ADOPTS** the R&R, **GRANTS** MDOC's motion to dismiss, and **DISMISSES** all claims against Dr. Holmes.

**I.    STATEMENT OF FACTS**

As the parties have not objected to the R&R's recitation of the facts, the Court adopts that portion of the R&R. See (Doc. 21 at 1-3).

## II.  STANDARD OF REVIEW

A district court must conduct a de novo review of the parts of a magistrate judge's report and recommendation to which a party objects.  28 U.S.C. § 636(b)(1).  The district "court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate" judge.  Id.  The requirement of de novo review "is a statutory recognition that Article III of the United States Constitution mandates that the judicial power of the United States be vested in judges with life tenure."  United States v. Shami, 754 F.2d 670, 672 (6th Cir. 1985).  Accordingly, Congress enacted 28 U.S.C. § 636(b)(1) to "insure[ ] that the district judge would be the final arbiter" of a matter referred to a magistrate judge.  Flournoy v. Marshall, 842 F.2d 875, 878 (6th Cir. 1987).

## III.  ANALYSIS

Although he did not respond to MDOC's Motion for Dismissal, Plaintiff raises two objections to the R&R.  First, Plaintiff argues that MDOC and its employees denied his medical procedure "for the sole purpose of not having to bear the cost of the surgery." (Doc. 23 at 3).  Second, Plaintiff alleges that Dr. Holmes was deliberately indifferent to his medical condition because Dr. Holmes did not appeal the decision not to repair Plaintiff's ACL.  (Doc. 23 at 6).  Before addressing each objection, the Court reviews the applicable law concerning Plaintiff's "deliberate indifference" claim.

### A. Deliberate Indifference

Pursuant to the Eighth Amendment's prohibition on cruel and unusual punishment, the government has an obligation to provide inmates with medical care.

2

Estelle v. Gamble, 429 U.S. 97, 103 (1976). A prisoner's constitutional claim regarding medical care received, or lack thereof, is analyzed under the Eighth Amendment. Id. The Eighth Amendment "forbids prison officials from 'unnecessarily and wantonly inflicting pain' on an inmate by acting with 'deliberate indifference' toward [his] serious medical needs." Jones v. Muskegon Cnty., 625 F.3d 935, 941 (6th Cir. 2010) (quoting Blackmore v. Kalamazoo Cnty., 390 F.3d 890, 895 (6th Cir. 2004)). In order to succeed on a deliberate indifference claim, a plaintiff must satisfy two elements, an objective one and a subjective one. Wilson v. Seiter, 501 U.S. 294, 300 (1991).

The objective element of a deliberate indifference claim is satisfied by a showing that the plaintiff had a serious medical need. Id. at 297. One way the plaintiff can prove a serious medical need is by showing that his need for medical care was "obvious even to a lay person." Johnson v. Karnes, 398 F.3d 868, 874 (6th Cir. 2005) (quoting Blackmore, 390 F.3d at 899). If the need for medical care was not obvious to a lay person, the plaintiff can show a serious medical need by placing medical evidence in the record that establishes a detrimental effect caused by a delay in medical treatment. Id.

The subjective element of a deliberate indifference claim requires a plaintiff to demonstrate that the defendant "subjectively perceived a risk of harm and then disregarded it." Comstock v. McCrary, 273 F.3d 693, 703 (6th Cir. 2001). Indeed, the plaintiff must establish "that prison officials have a sufficiently culpable state of mind in denying medical care." Jones, 625 F.3d at 941 (quoting Blackmore, 390 F.3d at 895). A culpable state of mind requires obduracy and wantonness, not mere inadvertence. Gibson v. Foltz, 923 F.2d 851, 853 (6th Cir. 1992). A plaintiff does not need to show

3

that an official acted with the purpose or knowledge of causing harm; recklessness in disregarding a substantial risk will suffice. Comstock, 273 F.3d at 703 (quoting Farmer v. Brennan, 511 U.S. 825, 835 (1994) (holding that official must know of and disregard an excessive risk to inmate health or safety)). In other words, deliberate indifference can be established by a plaintiff showing that medical care was "so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." Miller v. Calhoun Cnty., 408 F.3d 803, 819 (6th Cir. 2005) (quoting Terrance v. Northville Reg'l Psychiatric Hosp., 286 F.3d 834, 843 (6th Cir. 2001)).

The objective element is not at issue in the case at hand; both of Plaintiff's objections concern the subjective element of his deliberate indifference claim.

### B. Objection #1 – Defendant MDOC

Plaintiff has not stated a claim upon which relief can be granted regarding MDOC's failure to repair his ACL. Plaintiff's chief complaint is that "rather than repairing [his] damaged ACL, it was debrided." (Doc. 1 at 4-5). Here, Plaintiff merely disagrees with the determination of the appropriate medical procedure. Additionally, Plaintiff has not alleged that Defendants took cost into consideration with the knowledge that they were performing an ineffective procedure.

#### 1. Disagreement With Medical Procedure

A prisoner's subjective disagreement with a certain medical procedure performed does not amount to a deliberate indifference claim under the Eighth Amendment. Graham ex. Rel. Estate of Graham v. Cnty. of Washtenaw, 358 F.3d 377, 385 (6th Cir. 2004); Mabry v. Antonini, 289 F. App'x 895, 902 (6th Cir. 2008); Jennings v. Al-Dabagh, 275 F. Supp. 2d 863, 870 (E.D. Mich. 2003) ("[T]he fact that a prisoner disagrees with a

4

course of treatment that he was prescribed, or even that the treatment he did receive was negligently administered, does not rise to a constitutional violation."). It is well-settled that a challenge to a doctor's medical judgment is a state-law matter and does not give rise to an Eighth Amendment claim of deliberate indifference. Estelle, 429 U.S. at 107; see also Westlake v. Lucas, 537 F.2d 857, 860 n.5 (6th Cir. 1976) (reasoning that dispute as to the adequacy of medical treatment is a state law tort claim). In fact, "[w]here a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims that sound in state tort law." Graham, 358 F.3d at 385 (quoting Westlake, 537 F.2d at 860 n.5). A doctor's failure to provide a specific treatment does not state a constitutional claim of deliberate indifference. Mabry 289 F. App'x at 902.

In the case at hand, Plaintiff's allegations simply show that he has a disagreement with the medical procedures that were performed. Although Plaintiff would have liked his ACL repaired, MDOC's physicians ultimately decided to sever the ACL. Plaintiff has not alleged that the debridement of his ACL was a less effective or riskier procedure; he merely contends that the cheaper of two procedures was performed. Plaintiff's disagreement with his course of treatment does not establish that Defendants acted wantonly or with the subjective intent to cause him harm. See Estate of Carter v. City of Detroit, 408 F.3d 305, 311(6th Cir. 2005). The Magistrate correctly reasoned that it is not a court's place to second-guess MDOC's medical decisions. (Doc. 21 at 6-7). Accordingly, since Plaintiff's allegation amounts to nothing more than

5

a mere disagreement with a medical procedure, he fails to state a colorable deliberate indifference claim.

Furthermore, even if Plaintiff's disagreement could serve as the basis for a valid Eight Amendment claim, his allegations do not establish that Defendants acted with a culpable subjective intent. The record is replete with facts suggesting that Defendants did plenty to help Plaintiff. Plaintiff had numerous appointments and was provided with a vast amount of medical advice. (Doc. 21 at 2). Additionally, Plaintiff was treated before surgery, and had surgery on both his left and right ACL. (Id.). Plaintiff's allegation that Defendants were deliberately indifferent to his medical condition belies the record. Thus, the Court finds that Plaintiff has not stated a claim upon which relief can be granted.

### 2. Deliberate Indifference Based on Cost of Medical Procedure

If the Court assumes, arguendo, that Defendants considered cost when determining the appropriate course of treatment, Plaintiff has still not alleged that Defendants wantonly or recklessly disregarded a substantial risk to Plaintiff's health or safety.

The United States Supreme Court has held that the Eighth Amendment does not require that prisoners receive "unqualified access to health care." Hudson v. McMillian, 503 U.S. 1, 9 (1992). In considering the cost factor, several circuit courts have held that a mere claim that cost was taken into account in denying a prisoner's medical procedure does not per se establish the subjective component of an Eighth Amendment claim. In fact, "the naked assertion that [a defendant] considered cost in treating [a plaintiff's condition] does not suffice to state a claim for deliberate indifference, as

6

prisoners do not have a constitutional right to limitless medical care, free of the cost constraints under which law-abiding citizens receive treatment." Winslow v. Prison Health Servs., 406 F. App'x 671, 674 (3d Cir. 2011). To state an Eighth Amendment claim, a plaintiff must establish that a defendant performed a medical procedure for the purposes of cost savings *with knowledge that the procedure was ineffective*. Johnson v. Doughty, 433 F.3d 1001, 1013 (7th Cir. 2006) (citing Kelley v. McGinnis, 899 F.2d 612, 616 (7th Cir. 1990)).

The Winslow case is instructive as to how a court should address a plaintiff's deliberate indifference claim when cost is alleged to have led to a medical decision. In Winslow, the court affirmed the district court's dismissal of the plaintiff's claims because the complaint did not state a claim upon which relief could be granted. 406 F. App'x at 674. The court reasoned that the plaintiff's complaint alleging that he was harmed because of cost considerations was "exceedingly conclusory." Id. The complaint did not address, inter alia, "what basis [plaintiff] ha[d] for thinking that 'policies to save money' affected his medical treatment." Id. Thus, the court dismissed plaintiff's claim, holding that his subjective dissatisfaction with his medical treatment and conclusory allegations that cost played a factor were not enough to survive a motion to dismiss. Id. Essentially, an allegation that cost played a role in a defendant's deliberate indifference to a medical decision must specifically assert that the defendant *knew* the alternative procedure was ineffective. See Kelley v. McGinnis, 899 F.2d at 616.

The Court adopts the analysis set forth in Winslow and Kelley and finds that Plaintiff does not allege that Defendants knew that debridement of the ACL was an ineffective procedure. He merely points out that cost was taken into account by citing

one sentence in a Consultation Request written by Dr. Holmes in which Dr. Holmes observed that "the ACL is torn but [M]DOC won't pay for ACL repair." (Doc. 1 at 5). In his objections, Plaintiff contends that "[t]he **only** reason for the failure to perform the prescribed replacement of the ACL was the cost." (Doc. 23 at 3). Nowhere in his complaint or in his objections does Plaintiff allege that Defendants knew that debridement of the ACL was an ineffective alternative; he simply makes an unsupported statement that cost was the sole reason Defendants performed the debridement procedure. Accordingly, the Court finds Plaintiff's cost allegation conclusory and that he has not stated a claim upon which relief can be granted.

### C. Objection #2 – Dr. Holmes

Plaintiff fails to state a cognizable Eighth Amendment claim against Dr. Holmes. Essentially, Plaintiff claims that Dr. Holmes was deliberately indifferent to his medical condition because Dr. Holmes failed to appeal the MDOC's decision not to repair Plaintiff's ACL. (Doc. 23 at 6). Additionally, the complaint alleges that "[a]lthough [Dr. Holmes] tried to request the necessary treatment, he was ineffective in the treatment of Plaintiff's day-to-day needs, and did not pursue every possible avenue to obtain the necessary treatment." (Doc. 1 at 7).

First, the failure to appeal an administrative decision does not constitute a medical decision and does not give rise to a deliberate indifference claim. Second, the Eighth Amendment does not require Dr. Holmes to take every measure possible in providing medical care to Plaintiff. To state a viable deliberate indifference claim, Plaintiff must demonstrate that Dr. Holmes acted with a culpable state of mind in providing or withholding medical care to Plaintiff. Plaintiff cannot make that showing

based on the facts pled in his complaint. The record clearly reflects, and Plaintiff himself acknowledges, that Dr. Holmes served as an effective patient advocate:

> Dr. Holmes examined the Plaintiff days after the initial 2006 knee injury. He provided treatment, and scheduled a follow-up exam, after which he requested a consult with an orthopedic surgeon. While CMS initially failed to authorize an orthopedic consult (through no fault of Dr. Holmes), an MRI was performed, and eventually, through Dr. Holmes' efforts, the Plaintiff was seen by an orthopedist, Dr. Ikrim. Based on Dr. Ikrim's evaluation, Dr. Holmes requested that arthroscopic surgery be performed, and the Plaintiff in fact underwent two such surgeries, one on each knee.

(Doc. 21 at 8). The R&R rightfully observed that "Dr. Holmes paid close attention to Plaintiff's medical condition, and appears to have been his strongest medical advocate." (Id.). Accordingly, the Court agrees with the Magistrate Judge that Plaintiff's deliberate indifference claim against Dr. Holmes should be dismissed as frivolous. See Apple v. Glenn, 183 F.3d 477, 479 (6th Cir. 1999) ("[A] district court may, at any time, sua sponte, dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion.").

**IV.  CONCLUSION**

For the reasons stated above, the Court **OVERRULES** Plaintiff's objections (Doc. 23), **ADOPTS** the R&R (Doc. 21), **GRANTS** MDOC's motion to dismiss (Doc. 14), and **DISMISSES** all claims against Dr. Holmes.

**IT IS SO ORDERED.**

                                              s/Marianne O. Battani
                                              MARIANNE O. BATTANI
                                              UNITED STATES DISTRICT JUDGE

DATE: September 20, 2011

### CERTIFICATE OF SERVICE

I hereby certify that on the above date a copy of this Order was served upon the Plaintiff via ordinary U.S. Mail and Counsel for the Defendant, electronically.

                                              s/Bernadette M. Thebolt
                                              Case Manager